UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4740

JOHN GREEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Glen M. Williams, Senior District Judge.
(CR-95-109-H)

Submitted: September 8, 1998

Decided: September 28, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John F. O'Neill Castro, Front Royal, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant
United States Attorney, Jason A. DeVaux, Third-Year Law Intern,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following his conviction and 240-month sentence imposed for drug and firearm charges, John Green appealed. We affirmed his conviction, but found that the district court failed to make an independent factual finding as to the quantity of drugs properly attributable to Green. We therefore vacated his sentence and remanded to the district court for resentencing. After a hearing and further findings in the district court, Green was again sentenced to 240 months. Green noted an appeal. Green's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the district court erred in determining the quantity of drugs attributable to him, but certifying that Green's appeal does not present any meritorious issues. Green filed a motion to strike counsel's brief and to allow him to proceed pro se. We deny these motions, but have considered the arguments presented in Green's pro se supplemental brief, in which he also asserts that the district court's findings as to the quantity of drugs was erroneous and not supported by the record. Finding no clear error in the district court's factual findings, we affirm.

Where the quantity of drugs seized does not reflect the extent of the offense, the sentencing court may estimate the amount of drugs involved. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1995); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). We afford the district court broad discretion in making an estimate of the amount of drugs. See United States v. Cook, 76 F.3d 596, 604 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3293 (U.S. Oct. 15, 1996) (No. 96-5822). During the resentencing hearing, the government presented the testimony of Investigator Fairburn, an expert in narcotics cases. Fairburn testified that according to a steno pad seized from Green's bedroom, 18.2 grams of cocaine base was cooked in the ten-day period between July 3 and July 18, 1995. Based on evidence that the conspiracy in which Green was a member had

2

been in full operation since--at the latest--April 1, 1995, and considering the trial evidence that witnesses purchased cocaine base from Green and his co-defendant, Darryl Curtis, prior to July 1995, Fairburn estimated that approximately 18 grams of cocaine base was cooked every two weeks between April 1, 1995, and July 18, 1995. Using this calculation, the extrapolated quantity of cocaine base attributable to Green is 126 grams--well over the 50 gram amount used in determining his 240-month mandatory minimum sentence. Fairburn also extrapolated the amount of cocaine base from the $2536 in cash that was discovered at the time of Green's arrest. See United States v. Hicks, 948 F.2d 877, 882 (4th Cir. 1991) (sentencing court may consider sums of money involved in offense to approximate quantity of drugs). This sum of money converted to approximately 84 grams of crack cocaine--also well above the 50 gram amount.

We find no clear error in the district court's findings that more than 50 grams of cocaine base was attributable to Green as relevant conduct. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). This amount was supported by the preponderance of the evidence. See United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993). We therefore affirm Green's sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3